JOURNAL ENTRY and OPINION.
 I. {¶ 1} Claimants-appellants Ermalene Bridges ("Ermalene") and her son Curtis Bridges ("Curtis") appeal the trial court's judgment, which ordered the forfeiture of $17,000 to the Southeast Area Law Enforcement task force. The trial court found that the State of Ohio had proven that the $17,000, which was found at Ermalene's home, was connected with a felony drug abuse offense, as described in R.C. 2925.43. We hold that the trial court did not err in its findings and we therefore affirm the trial court's judgment.
 II. {¶ 2} On May 11, 2001, Curtis was pulled over for speeding in North Olmsted with his girlfriend. After Curtis was arrested (he did not have a valid license and had an outstanding arrest warrant), an inventory search of the car was conducted. The search produced, among other things, ten kilos of cocaine and small, black rubber bands. Curtis's girlfriend was discovered to have $3,500 in cash wrapped in small, black rubber bands. Curtis eventually pled guilty to possession of cocaine and preparation of cocaine for distribution. Curtis's girlfriend was also convicted.
 {¶ 3} On May 23, 2001, the police executed a search warrant at the home of Ermalene, 19006 Longview in Maple Heights, after connections between the arrest of Curtis and Ermalene's home were made. Detective Jeffrey Cook testified about his surveillance of the residence, which began in February of 2001. One Clemmie Carter had been arrested in February of 2001 near 19006 Longview for possession of cocaine. Carter gave as his address 19006 Longview. Further, the car in which he was arrested contained some paperwork of Curtis's girlfriend, who listed her address as 19006 Longview. A cable bill found later in her name also listed 19006 Longview as her address. Every time Cook checked the residence, he noticed in the driveway a car that was registered to Curtis. Further, the car in which Curtis was arrested had a handicap card that was registered in Ermalene's name.
 {¶ 4} Detective Cook and his partner, after learning of the arrest of Curtis and his girlfriend, searched the trash of 19006 Longview and found cocaine residue. A search warrant was then obtained. Upon execution of the search warrant, the police found a total of $17,000 in cash, some of which was bundled in $1,000 packets, secured by small, black rubber bands. Testimony and exhibits showed that the bundling of some of the $17,000 found at 19006 Longview was similar to that discovered on Curtis's girlfriend on the night of the arrests. Also, the rubber bands found in connection with the arrest of Curtis matched some of those found on the cash in Ermalene's house.
 {¶ 5} Other evidence showed that Carter and Curtis ran narcotics together and that Ermalene told the police that Carter had just recently moved out of her residence.
 {¶ 6} The State of Ohio then filed a forfeiture petition against the $17,000, pursuant to R.C. 2925.43(A). A bench trial was conducted on January 24-25, 2002, after which the trial court issued a journal entry. In the journal entry, issued on January 29, 2002, the trial court stated that it had found that the state had proved by clear and convincing evidence that it was entitled to the forfeiture judgment. The court further found that Ermalene and Curtis had failed to show by a preponderance of the evidence that she was entitled to the money.
 {¶ 7} Ermalene and Curtis appeal the trial court's judgment and bring two assignments of error for our review.
 {¶ 8} Assignment of Error No. I: "The Court's finding that the State's evidence was sufficient to warrant the forfeiture decreed is not supported by constitutionally sufficient evidence and is (and was) contrary to law; hence, the Court erred when it forfeited the "res," i.e., the monies involved in this case, to the State."
 {¶ 9} Assignment of Error No. II: "To the extent the Court in a civil forfeiture action would require a claimant to prove money seized from their home had a lawful source, a due process violation occurs; hence, it follows the declaration of forfeiture in this case cannot be validated."
 III. Assignment of Error No. I A. {¶ 10} The claimants-appellants argue that the state failed to prove that the money discovered in Ermalene's house had any connection to a specific criminal offense. The trial court erred, they continue, in granting the forfeiture without the state having proven the above connection.
 {¶ 11} R.C. 2925.43(A) states:
 {¶ 12} "(A) The following property is subject to forfeiture to the state in a civil action * * *, and no person has any right, title, or interest in the following property:
 {¶ 13} "(1) Any property that constitutes, or is derived directly or indirectly from, any proceeds that a person obtained directly or indirectly from the commission of an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense * * *;
 {¶ 14} "(2) Any property that was used or intended to be used in any manner to commit, or to facilitate the commission of, an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense[.]"
 {¶ 15} A trial court must hold a hearing on the matter, after which, "the court shall issue the requested order of civil forfeiture if the court determines that the prosecuting attorney has proven, by clear and convincing evidence, that the property in question is property as described in division (A)(1) or (2) of this section[.]" R.C. 2925.43(E)(4).
 B. {¶ 16} "When a defendant challenges the legal sufficiency of the state's evidence, `the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Waddy (1992), 63 Ohio St.3d 424, 430, quoting Jackson v. Virginia (1979), 443 U.S. 307, 319 (emphasis sic.). "The weight and credibility of the evidence are left to the trier of fact." Waddy at 430, citing State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 C. {¶ 17} The claimants-appellants are simply incorrect that the money needs to be directly tied to the convictions of Curtis and his girlfriend. The state alleged in its complaint that the money was either proceeds (R.C. 2925.43(A)(1)) or was property used or intended to be used to commit, or to facilitate the commission of, an act that could be prosecuted as a felony drug abuse offense (R.C. 2925.43(A)(2)). The connection must be to that which "could be prosecuted," not to that which results in a conviction.
 {¶ 18} The state showed that Curtis was involved in drug trafficking, that his friend and girlfriend lived off and on in Ermalene's house, that cocaine residue was found in the garbage that came from Ermalene's house, and that the manner in which some of the money was found was consistent with the manner in which money was found during Curtis's arrest. Ermalene's claim, that the money found in her house was the result of a fundraiser for Curtis's girlfriend's bail, was found to be unbelievable by the court. Under a sufficiency review, the weight and credibility are given to the trier of fact, which, here is the trial court. Waddy at 430.
 {¶ 19} Therefore, at the very least, there was sufficient evidence upon which the trial court could have concluded that the money was "intended to be used in any manner to commit, or to facilitate the commission of, an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense[.]" R.C. 2925.43(A)(2).
 {¶ 20} This assignment is not well taken.
 IV. Second Assignment of Error {¶ 21} Here, the claimants-appellants argue that the burden placed upon them, to prove, by a preponderance of the evidence, that the money seized had a lawful source, was a violation of their due process rights.
 {¶ 22} The claimants-appellants have incorrectly described the law. Under the civil forfeiture statute, the court must find, by clear and convincing evidence, that the property at issue is property as described in R.C. 2925.43(A)(1) or(2). If the court so finds, then the claimants-appellants have an opportunity to prove, by a preponderance of the evidence, that the money had a lawful source. Therefore, the burden is not on the claimants-appellants. The burden is on the state, after which an opportunity is then granted to the claimants-appellants to, in effect, rebut the state's charges. In fact, the claimants-appellants concede as much in their brief: "counsel should recognize the onus of proving these monies had a lawful source is only reached if the State proves in the first instance, [sic] the required connection * * *."[1]
(Emphasis sic.)
 {¶ 23} The court below first found that the state had proven by clear and convincing evidence that the civil forfeiture should be issued. The court further found that the claimants-appellants had failed to prove by a preponderance of the evidence that they were entitled to the money. The court noted that Ermalene's claim, that the money was intended to be used as bail for Curtis's girlfriend, was not supported by any evidence.
 {¶ 24} In sum, there was no due process violation. The court found that the state had carried its burden. Once the court did that, the claimants-appellants were allowed an opportunity to show that the money actually had a lawful source. This they failed to do.
 {¶ 25} This assignment is not well taken.
 V. {¶ 26} Therefore, we affirm the trial court's judgment. We hold that there was sufficient evidence to support the trial court's judgment that the forfeiture of the $17,000 was proper. We further hold that the opportunity granted to the claimants-appellants to show that the money had a lawful source was not a violation of due process.
Judgment affirmed.
ANNE L. KILBANE, J., concurs.
DIANE KARPINSKI, J., dissents with separate opinion.
[1] As discussed in the first assignment of error, the claimants-appellants incorrectly state the "required connection" as that "between the money and a specific criminal offense." Claimants-appellants' Brief at 19. While the claimants-appellants recognize the shifting burdens under the civil forfeiture statute, they err as to the nature of the state's burden.